IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alicia D.,[1] | ) C/A No.: 1:21-cv-2249-SVH |
|         Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| Martin O'Malley, | ) |
| Commissioner of Social Security | ) |
| Administration,[2] | ) |
|         Defendant. | ) |

This matter is before the court on Plaintiff's counsels' motion for fees under 42 U.S.C. § 406(b). [ECF No. 39]. Counsel filed a civil action on behalf of Plaintiff on July 22, 2021. [ECF No. 1]. On February 22, 2022, the undersigned issued an order reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the case for further administrative proceedings. [ECF No. 32]. On March 7, 2022, the undersigned granted Plaintiff's motion for attorneys' fees under the EAJA

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin O'Malley was confirmed by the Senate and sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), he is substituted as a party to this action.

and awarded $7,900 in attorney fees.[3] [ECF No. 36]. The Commissioner subsequently issued a decision finding Plaintiff disabled under the rules of the Social Security Administration and awarding past-due disability insurance benefit ("DIB") payments retroactive to January 2020, as reflected in a notice of award dated June 19, 2024. [ECF No. 39-2].

On July 10, 2024, Plaintiff's counsel requested the court authorize a total fee of $13,791 for services rendered to Plaintiff in the district court. [ECF No. 39]. The Commissioner filed a response neither supporting nor opposing Plaintiff's counsels' motion, as he "has no direct financial stake in the outcome of this motion." [ECF No. 41 at 1]. The court has considered counsels' motion for fees under 42 U.S.C. § 406(b) and approves the motion.

I.   Consideration of Motion for Attorneys' Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for

---

[3] Although the court granted a total payment of $8,302 under the EAJA, $402 was authorized as reimbursement for the court's filing and administrative fees and $7,900 was authorized for attorney fees. *See* ECF No. 36 at 2 n.3.

reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

The record contains a copy of the contingent fee agreement, signed by Plaintiff, which provides:

> As compensation for their services at both the administrative and/or Federal levels, I agree to pay the firm a fee of:
>
> ➢ <u>25% of all retroactive benefits obtained for me and/or my family.</u>

[ECF No. 39-1]. Counsel secured for Plaintiff $55,164 in total past-due DIB proceeds. [ECF No. 39-2 at 4]. They request the court approve a fee of $13,791, which represents 25% of Plaintiff's past-due benefits. Because the requested fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes the fee is not out of line with the character of the representation and the results achieved. Counsel represented Plaintiff at the administrative level and before the court, beginning in July 2021. [ECF Nos.

39-1 and 39-3]. They obtained for Plaintiff total past-due benefits of $55,164, continuing monthly benefits of $1,289, and entitlement to Medicare. [ECF No. 39-2]. In consideration of the nature of the representation, the period of the representation, and the benefits obtained, the court concludes the fee is not out of line with the character of the representation and the results achieved.

Plaintiff's counsel requested several extensions of time to file responsive pleadings, which had some impact on the accumulation of past-due benefits. Counsel requested two extensions of time to file an initial brief, extending the time for filing by 37 days. *See* ECF Nos. 11, 12, 15, 18. They subsequently filed two requests for extensions of time to file a reply to the Commissioner's brief, extending that deadline by 44 days. *See* ECF Nos. 20, 21, 25, 27. Therefore, counsel's requests for extension of time delayed the case by a total of 81 days. Given the accumulation of past-due benefits from January 2020 through May 2024, as reflected in the notice of award, the delay represented approximately five percent of the time past-due benefits were accumulating. *See* ECF No. 39-3. The undersigned finds a five percent delay of time is not substantial and concludes counsel's delay did not significantly affect the accumulation of Plaintiff's past-due benefits.[4]

---

[4] Counsel should be mindful of the effect of requests for extension of time on the accumulation of plaintiffs' past due benefits. The court may be inclined to reduce attorney fees in cases where counsels' extension requests or other

The court finds the requested fee is not large in comparison to the amount of time counsel spent on the case. Counsel represented Plaintiff for 47.1 hours at the district court level beginning in July 2021. [ECF No. 39–3]. This represents an effective hourly rate of $292.80. In similar cases, other attorneys have asserted reasonable non-contingent hourly rates to be between $300 and $800. *See Cortney S. v. Kijakazi*, C/A No. 1:20-cv-3483-SVH, ECF No. 33 at 5 (D.S.C. June 7, 2023) stating "[a] reasonable market-based non-contingent hourly rate for these services would be $350–$425 per hour for [an] experienced Social Security disability litigator"); *Vincent D. S. v. Kijakazi*, C/A No. 1:21-cv-1561-SVH, ECF No. 26 at 5 (D.S.C. May 30, 2023) (representing counsel's normal hourly rate to be between $500 and $800); *Darlene G. v. Kijakazi*, C/A No. 1:20-cv-2619-SVH, ECF No. 37 at 5 (D.S.C. Mar. 29, 2023) (indicating a market-based hourly rate of $300 to $450). The fee requested by counsel is in line with the market rate charged by other attorneys in non-contingent cases.

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsels' motion for fees under 42 U.S.C. § 406(b), approves a total attorney fee of $13,791, and directs

---

delays represent larger percentages of the time in which past-due benefits accumulated.

the Commissioner to release this amount from the funds withheld from Plaintiff's past-due benefits to attorney David Goetz.[5]

## II. Refund of EAJA Fees

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." An uncodified 1985 amendment to the EAJA provides for fee awards to be made under both the EAJA and 42 U.S.C. § 406(b), but it provides the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 796). "Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

Although the court authorized total attorney fees of $7,900 under the EAJA, the EAJA fee was offset by $7,354.79 under the Treasury Offset

---

[5] Because the file includes a Form SSA-1696-U4 appointing David Goetz as Plaintiff's representative, payment should be issued to David Goetz, who may disburse the funds to satisfy any financial obligation to local counsel Paul McChesney.

6

Program (31 U.S.C. § 3716(c)(3)(B) (2006)). [ECF No. 39 at 1 n.1]. Counsel represent they received a total of $545.21 from the EAJA fee and agree it should be refunded to Plaintiff. [ECF No. 39 at 1, 2]. Therefore, the undersigned directs counsel, upon receipt of the $13,791 fee approved herein to refund to Plaintiff $545.21, representing the EAJA fee paid in this action.

    IT IS SO ORDERED.

July 17, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge